NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVELYN OKPARAEKE, | : |
| Plaintiff, | : Civil Action No.: 20-16149 |
| v. | : **OPINION & ORDER** |
| NEWARK BOARD OF EDUCATION, and KATHY DUKE-JACKSON, Assistant Superintendent, Newark Board of Education, in her individual and official capacities, | : |
| Defendants. | : |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendants Newark Board of Education and Kathy Duke-Jackson's (collectively, "Defendants") motion for reconsideration (ECF No. 38) of a July 10, 2023, Opinion (ECF No. 35, the "Opinion") and Order (ECF No. 36) entered by the Honorable John M. Vazquez.[1] Plaintiff Evelyn Okparaeke filed an opposition (ECF No. 42) and Defendants replied in support of their motion (ECF No. 43).[2] The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion for reconsideration is **DENIED**.

**WHEREAS** this action arises out of Plaintiff's claims that she was subjected to discrimination, retaliation, and a hostile work environment because of her gender, sex, and/or

---

[1] This case was reassigned to the undersigned on September 19, 2023. ECF No. 44.

[2] The Court notes that reply briefs are not permitted without prior leave of the Court on Motions for Reconsideration. L. Civ. R. 7.1(d)(3). Regardless, the Court considered the reply brief and the arguments made therein.

pregnancy.[3]  *See generally* ECF No. 1.  Plaintiff is a former principal who was under the supervision of Duke-Jackson, an Assistant Superintendent.  *Id.* ¶¶ 13–14.  Plaintiff alleges that she was unlawfully terminated because Duke-Jackson learned Plaintiff was pregnant and/or in retaliation for Plaintiff's complaint about Duke-Jackson to her union representative.  *See, e.g.*, *id.* ¶ 3; and

**WHEREAS** Defendants seek reconsideration of Judge Vazquez's Opinion because "Plaintiff did not establish a *prima facie* case of retaliation by showing [that] she engaged in protected activity known to the employer, and [because] the Court overlooked the controlling case law cited in Defendants' moving papers as well as Plaintiff's opposition."  ECF No. 38-1 at 1.  In opposition, Plaintiff argues that the "Court's decision was aligned with precedent" and that the "Court provided a complete analysis that was consistent" with the cases cited by Defendants.  ECF No. 42 at 3–4; and

**WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked."  L. Civ. R. 7.1(i).  The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).  A court commits a clear error of law "only if the record cannot support the findings that led to that ruling."  *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-CV-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)); and

---

[3] A more detailed recitation of the underlying facts and procedural history of this case can be found in Judge Vazquez's Opinion. *See* ECF No. 35 at 1–6.

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted '*very sparingly*.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353); and

**WHEREAS** here, Defendants fail to state a sufficient basis for reconsideration. Defendants have not shown evidence of an intervening change in controlling law or any new evidence; and

**WHEREAS** while Defendants argue that the Opinion overlooked controlling case law, the Opinion explicitly addressed their assertion that Plaintiff did not engage in "protected activity" because she complained to her union representative instead of the administration. The Opinion rejects that argument and explains that Defendants did not offer "legal support for this assertion." ECF No. 35 at 21. Moreover, Defendants acknowledge that the purportedly overlooked case law was cited in their opening summary judgment brief. *See, e.g.*, ECF No. 38-1 at 3. Defendants' relitigation of the same argument presented to Judge Vazquez because of their disagreement with the Opinion's conclusions is insufficient to grant a motion for reconsideration. *See P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352–53; *see also Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("A motion for reconsideration is improper when it is used 'to ask the Court to rethink what [it] had already thought through—

rightly or wrongly'" (quoting *Above the Belt Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983))); and

**WHEREAS** Defendants' argument that the Opinion only cites the reply brief, and therefore the Court did not consider the arguments and cases presented in the opening brief, is unfounded. The opening brief is cited throughout the Opinion. *See, e.g.*, ECF No. 35 at 10 (citing Defendants' Brief); *id.* at 21 (same); *cf. Nepomuceno v. Astellas U.S. LLC*, No. Civ. 11-4532, 2013 WL 5333804, at *2 n.1 (D.N.J. Sept. 23, 2013) ("That an issue was not explicitly mentioned in this Court's decision does not mean it was overlooked." (citing *Byrne v. Calastro*, No. Civ. 05-68, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006))); and

**WHEREAS** thus, Defendants have failed to show a clear error of law or any manifest injustice that would occur and, in turn, have not stated a sufficient basis for reconsideration.

Accordingly, **IT IS** on this 30th day of July, 2024,

**ORDERED** that Defendants' motion for reconsideration (ECF No. 38) of Judge Vazquez's July 11, 2023, Opinion and Order (ECF Nos. 35–36) is hereby **DENIED**.

**SO ORDERED**.

                                                  */s/ Claire C. Cecchi*
                                             **CLAIRE C. CECCHI, U.S.D.J.**