**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EVELYN OKPARAEKE,

Plaintiff,

v.

KATHY DUKE-JACKSON, et al.,

Defendants.

Civil Action No.

20-cv-16149 (CCC) (JRA)

**OPINION & ORDER**

THIS MATTER having come before the Court by way of Plaintiff's motion for leave to file an amended complaint to add a claim for "individual liability against Defendant Kathy Duke-Jackson under the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12(e), based on an aiding-and-abetting theory." (Dkt. No. 78 at 1; Dkt. No. 80) ("the Motion");

and Defendants Kathy Duke-Jackson and Newark Board of Education (collectively "Defendants") opposing Plaintiff's motion, Dkt. No. 79;

and the Court noting that the procedural history of this matter is unusual and noteworthy in regard to the current Motion;

and Plaintiff having initiated this action by filing her Complaint on November 13, 2020, Dkt. No. 1;

and the Court beginning discovery on April 5, 2021, Dkt. No. 10;

and on May 18, 2022, the Court having issued an order extending the fact discovery deadline to June 30, 2022, Dkt. No. 24;

and thereafter, on November 30, 2022, the parties engaging in dispositive

1

motion practice with leave of Court via Defendants' motion for summary judgment, Dkt. Nos. 30, 32–34;

and on July 10, 2023, the District Judge denying in part and granting in part Defendants' motion for summary judgment, Dkt. No. 35;

and on July 20, 2023, Defendants filing a motion for reconsideration of the District Judge's opinion, which was denied on July 30, 2024, Dkt. Nos. 38, 58;

and the Court noting that the parties engaged in settlement discussions for a substantial period of time, stemming from on or about October 16, 2023 to March 25, 2024, *see* Dkt. Nos. 46–54;

and on March 25, 2024, the parties submitting a joint letter advising that mediation was unsuccessful and discovery in the matter was complete as of April 2022, Dkt. No. 54;

and the Court having a status conference with the parties on March 28, 2024, where the "parties confirmed that discovery [was] closed, and they [were] ready to proceed with trial." Minute Entry dated March 28, 2024;

and following the District Judge's denial of Defendants' motion for reconsideration, Dkt. No. 58, Defendants requesting leave to file a motion to dismiss counts four and five against Defendant Duke-Jackson because those claims were not addressed previously during summary judgment motion practice, *see* Dkt. No. 55;

and Plaintiff opposing Defendants' request for leave to file a motion to dismiss, *see* Dkt. No, 57;

and on October 10, 2024, the District Judge granting Defendants' request in

part, ordering that "[g]iven the stage of the proceedings and pursuant to Federal Rule of Civil Procedure 12(b), Defendants shall instead file a motion for judgment on the pleadings[,]" and further noting that "[a]lthough Defendants' motion is delayed, the Court is cognizant of narrowing the issues before trial." Dkt. No. 64;

and therefore, on October 24, 2024, Defendants having filed their motion for judgment on the pleadings requesting dismissal of counts four and five against Defendant Duke-Jackson only, Dkt. No. 65;

and, important here, Plaintiff having opposed Defendants' motion for judgment on the pleadings based upon her main argument that she pled a valid claim for aiding and abetting liability against Defendant Duke-Jackson and, therefore, she "should be allowed to proceed with discovery to further establish the supervisor's role in facilitating the discriminatory conduct." *See* Dkt. No. 66 at 4–5;

and on May 22, 2025, the District Judge granting Defendants' motion for judgment on the pleadings and ordering that counts four and five against Defendant Duke-Jackson be dismissed, Dkt. No. 68;

and, specifically, the District Judge providing within the May 22, 2025 opinion that Plaintiff's NJLAD claim against Defendant Duke-Jackson in count four was dismissed for failure to "specifically allege aiding and abetting liability under Section 12(e) of the NJLAD," and noting that it did "not mention aiding and abetting or Section 12(e) at all." *Id.* at 3–4;

and on May 30, 2025, Plaintiff moving for reconsideration of the District Judge's May 22, 2025 decision, arguing in part that Plaintiff should have been

granted leave to amend, *see* Dkt. No. 70 at 6–7;

and on November 19, 2025, the District Judge denying Plaintiff's motion for reconsideration, but granting Plaintiff leave to file a motion to amend the Complaint given the procedural history of this matter, Dkt. No. 76 at 2;

and Plaintiff's motion to amend her Complaint now before the Court, Dkt. No. 78;

and the Court finding that the scheduling order's deadline to amend long having passed, *see* Dkt. No. 10 ¶ 17 (setting the deadline to amend the pleadings for May 10, 2021);

and the Court therefore determining that Plaintiff must establish good cause to amend under Rule 16(b)(4) of the Federal Rules of Civil Procedure before the Court may reach the issue of "whether [Plaintiff] also meets Rule 15(a)'s more liberal standard[,]" *Rogers v. Wilmington Tr. Co.*, No. 21-cv-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) (quoting *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]e take this opportunity to clarify that when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."));

and the Court noting that good cause under Rule 16(b)(4) requires the movant to demonstrate due diligence, *see Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010), by showing that "their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the

4

Scheduling Order[,]" *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (quoting *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-cv-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012));

and the Court finding that the District Judge's November 19, 2025 decision essentially determined that Plaintiff met the good cause standard under Rule 16(b)(4) per the language of the decision permitting Plaintiff the opportunity to seek leave to amend her Complaint in light of the unique procedural history of this matter, *see* Dkt. No. 76 at 2;

and the Court therefore finding that Plaintiff has shown the requisite good cause under Rule 16(b)(4);

and the Court next assessing the Motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that leave to amend should be granted freely "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997);

and recognizing there are certain conditions under which the Court may exercise discretion and deny leave to amend, including when (1) the movant engaged in undue delay, bad faith, or dilatory motives, (2) the amendment would cause undue prejudice to the non-movant, or (3) amendment would be futile, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004);

and Defendants having raised undue delay, prejudice, and futility in opposition to the Motion, *see generally* Dkt. No. 79;

and first, as to undue delay, Defendants arguing that Plaintiff moves to amend "on the eve of trial" despite being aware of the deficiency in the pleadings regarding count four since the District Judge's July 2023 summary judgment decision and that Plaintiff bases her amendment on the same facts pled within the original complaint, *id.* at 9–10;

and the Court noting the Third Circuit has explained that "[t]he mere passage of time does not require that a motion to amend a complaint be denied . . . . In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted);

and the Court further noting that a "district court has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted); *see also Evans v. City of Philadelphia*, 763 F. App'x 183, 185 (3d Cir. 2019);

and the Court further noting that "[d]elay becomes 'undue,' and thereby creates grounds for the district court to refuse leave [to amend], when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung*, 550 F.3d at 266 (citing *Cureton*, 252 F.3d at 273);

and the Court noting that, in the context of Rule 15, undue delay requires the court to "focus on the plaintiffs' motives for not amending their complaint . . . earlier; [whereas] the issue of prejudice requires that [the Court] focus on the effect on the defendants." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984);

6

and the Court further noting that "[w]hen a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Cureton*, 252 F.3d at 273);

and the Court further noting that the "Third Circuit has repeatedly affirmed the denial of motions to amend made after lengthy periods of delay when the amendment would result in prejudice to the Court or additional delay in the proceedings." *See IQVIA Inc. v. Veeva Sys., Inc.*, Civ. No. 17-cv-177, 2022 WL 111059, at *4 (D.N.J. Jan. 12, 2022) (collecting cases);

and here, the Court finding that the delay in this matter has become undue, first as Plaintiff has had previous opportunities to amend her Complaint considering this case was initially filed by Plaintiff on November 13, 2020 and Plaintiff was on notice of the deficiency regarding count four *at least* as of July 10, 2023, when the District Judge issued its summary judgment decision alerting Plaintiff to the issues with same, *see* Dkt. No. 35 at 8 n.8;

and the Court finding Plaintiff's explanation that she timely filed for leave to amend after the aiding and abetting claim was challenged via Defendants' motion for judgment on the pleadings unavailing as Defendants made clear of their challenge to said claim on multiple prior occasions, including via Defendants' letter dated April 3, 2024 at Dkt. No. 55; *see* Dkt. No. 80 at 4;

and second, the Court further finding the delay undue as Plaintiff's failure to amend her Complaint at any time throughout the almost five-and-a-half years of this

7

litigation creates an unwarranted burden on this Court and its resources should Plaintiff's request for leave be granted, considering that it will generate significant delays in this case due to the need for both discovery to be reopened more than four years after its closure and additional dispositive motion practice;

and as to prejudice, Defendants having argued that an amendment at this stage of the litigation would cause discovery to have to be reopened as "no facts were developed in discovery" that would support Plaintiff's proposed claim of aiding and abetting, *see* Dkt. No. 79 at 10–13;

and the Court recognizing that when considering whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of [proposed] amendment[s,]" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978));

and the Court finding that to establish undue prejudice, the non-movant must demonstrate that the proposed amendments would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay resolution of the dispute[,]"[1] *Long*, 393 F.3d at 400 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993));

and the Court finding Defendants have met their burden and have established

---

[1] A non-movant may also establish prejudice by demonstrating that the proposed amendments would prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. However, Defendants have not opposed the Motion on this basis and the Court therefore declines to address the issue herein.

undue prejudice as the Court finds that permitting amendment at this late stage of the litigation on the eve of trial would significantly delay this matter and would require Defendants to expend significant resources conducting additional discovery and engaging in further dispositive motion practice, as previously mentioned, *id.*;

and the Court emphasizing that, unlike the instant case, generally, a finding of prejudice is unwarranted in situations *where a party seeks leave to amend while discovery remains open, see, e.g., Arrajj v. Am. Com. Ins. Co.*, No. 14-cv-3233, 2014 WL 5798200, at *3 (D.N.J. Nov. 5, 2014) (finding no undue prejudice where discovery remained open for another two weeks and noting that extensions of discovery could be granted upon request); *Transweb v. 3M Innovative Properties Co.*, No. 10-cv-4413, 2011 WL 2181189, at *9 (D.N.J. June 1, 2011) (finding no unfair prejudice where discovery schedule would not be impacted and fact discovery remained open for several months); *Leibholz v. Hariri & Celgene Corp.*, No. 05-cv-5148, 2007 WL 2177386, at *6 (D.N.J. July 27, 2007) (granting amendment where, among other things, discovery remained open and a final pretrial conference had yet to be scheduled);

and the Court noting that discovery in this case closed and was complete as of April of 2022, *see* Dkt. No. 54;

and the Court therefore finding, based on the foregoing, that Defendants will suffer undue prejudice from the proposed amendment;

and therefore, the Court declining to address the parties' futility arguments due to this Court's denial of Plaintiff's motion based upon its findings of undue delay

and prejudice;

and for good cause shown,

**IT IS, THEREFORE,** on this **18th** day of **May 2026,**

**ORDERED** that Plaintiff's motion for leave to amend her complaint (Dkt. No. 78) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall TERMINATE the Motion pending at Dkt. No. 78; and it is further

**ORDERED** that no later than **May 26, 2026**, the parties shall meet and confer to discuss the next steps in this matter; and it is further

**ORDERED** that no later than **June 2, 2026**, the parties shall submit one joint letter advising as to the outcome of their meet and confer and as to the proposed next steps in this matter for the Court's consideration.

Hon. José R. Almonte
United States Magistrate Judge

cc: Clerk of Court
Honorable Claire C. Cecchi, U.S.D.J.

10